The Honorable Andrea Lea State Representative Post Office Box 1342 Russellville, Arkansas 72811-1342
Dear Representative Lea:
I am writing in response to your request for an opinion regarding A.C.A. § 14-51-301(b)(7) (Supp. 2009). I have paraphrased your four questions as follows:
 1. Suppose an employee is appointed or promoted as contemplated by A.C.A. § 14-51-301(b)(7)(A). Suppose further that the appointee must take an extended period of leave for whatever reason and therefore cannot be physically present at his job during his probationary period. Consequently, the appointee cannot be evaluated for the full probationary period. If this situation arises, can the civil service commission extend the probationary period?
 2. If a police chief or fire chief has some kind of "disciplinary" problem with an appointee, may the chief extend the probationary period contemplated by A.C.A. § 14-51-301(b)(7)(A)?
 3. If your answer to Question 2 is "no," would the probationary extension be permitted if the appointee agrees to the extension?
 4. If your answer to Question 3 is "no," may the civil service commission promulgate a rule that allows police and/or fire chiefs to extend the A.C.A. § 14-51-301(b)(7)(A) probationary period "for disciplinary reasons"? *Page 2 
RESPONSE
In my opinion, the answer to all your questions is "no." Section 14-51-301(b)(7)(A) does not leave any room for the civil service commission to extend the probationary period beyond the time specified in the statute. Accordingly, if the civil service commission promulgated such a rule, it would be contrary to state law.
The relevant provisions of section 14-51-301 state:
 (a)(1) The board provided for in this chapter shall prescribe, amend, and enforce rules and regulations governing the fire and police departments of their respective cities.
 (2) The rules and regulations shall have the same force and effect of law.
 (3) The board shall keep a record of its examinations and shall investigate the enforcement and effect of this chapter and the rules as provided for in this section.
 (b) These rules shall provide for:
 * * * (7)(A) A period of probation not to exceed twelve (12) months before any appointment is complete and six (6) months before any promotion is complete.
 (B) During the period, the probationer may be discharged in case of an appointment or reduced in case of promotion by the chief of police or the chief of the fire department;
The above quoted portions of section 14-51-301 require the board of the civil service commission to promulgate certain rules. Among those rules, subsection (b)(7) requires that the board promulgate a rule providing for "[a] period of probation not to exceed" 12 months in the case of appointees and "not to exceed"
6 months in the case of promotees. (Emphasis added.) Given the clear statutory *Page 3 
language that the probationary period cannot exceed a given time, any rule the board passes that exceeds that time violates the statute. Therefore, the answer to questions one, two, and four is "no."
The answer to question three is also "no," because two parties cannot enter into a valid agreement that violates state law. Your question asks whether the fire chief or police chief may simply enter into an agreement with the appointee or promotee to extend the probationary period beyond the limits set by section 14-51-301. Two parties cannot make a binding contract to bring about a result that violates state law. Pest Management, Inc. v. Langer,369 Ark. 52, 60, 250 S.W.3d 550, 556 (2007) ("Parties to a contract are free to contract upon any terms not contrary to public policy or the terms of our statutes."). Therefore, the answer to your third question is "no."
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General